# FERD MORGAN v. STATE.

No. A-2906.   Opinion Filed November 2, 1918.

(175 Pac. 625.)

1.    **INDICTMENT AND INFORMATION—Commencement of Prosecution.** Prosecutions for crime in courts of record must be either by indictment or information.

2.    **SAME—Verified Complaint—Sufficiency—Plea of Not Guilty.** While a verified complaint filed in the court of record may be sufficient to authorize the issuance of a warrant of arrest for the person accused, it is not sufficient as an accusation upon which a criminal trial may be based in courts of record. A plea of not guilty to a verified complaint in a court of record presents no issue for the court to try.

3.    **TRIAL—Defective Information—Joinder of Issue.** Where it is apparent from the record that, after the defendant has been arrested on a verified complaint in a court of record and has pleaded not guilty thereto, the county attorney subsequently files with the papers in the case an information charging the offense, without the knowledge of the defendant and without notice to him or his counsel that same had been filed and without any filing mark having been placed thereon, and without any plea having been entered by the defendant to said accusation, it is error for the trial court to proceed, over the objection and exception of the defendant, to try him upon such an accusation without any issue having been first lawfully joined.

*Appeal from County Court, Pawnee County;
George E. Merritt, Judge.*

Ferd Morgan was convicted of maintaining a liquor nuisance, and he appeals.   Reversed.

*McNeill & McNeill,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   This is an appeal from the county court of Pawnee county wherein the defendant, Ferd Mor-

gan, was convicted of maintaining a liquor nuisance and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 90 days. From this judgment he has appealed to this court and has assigned several grounds of alleged error as reasons for reversing the judgment.

Among the grounds relied upon is that the court erred in overruling the defendant's motion to discharge the jury and continue the case for the purpose of granting the defendant the right to plead to the information.

The county attorney evidently proceeded upon the theory that this prosecution can be instituted in the county court upon a duly verified complaint. This form of procedure in criminal actions is not permissible in courts of record. Section 17, art 2, Constitution.

The record shows that a verified complaint charging the defendant with this crime was filed in the county court of Pawnee county on the 7th day of September, 1916, and a warrant was issued for the defendant. He was brought before the court, and on the 9th day of September, 1916, entered a plea of not guilty to said complaint. Thereafter on the 2d day of October, 1916, the county attorney filed an official information with the clerk of the county court of Pawnee county, but the defendant was never arraigned or required to plead to such information, nor did he ever have a copy of the same before the trial commenced, as provided by section 20, art. 2, of the Constitution. It follows that defendant was never legally informed of the nature and cause of the accusation against him within the meaning of the aforesaid section of the Constitution.

On October 4, 1916, the case was called for trial, and a jury was impaneled and sworn to try the issues, the wit-

nesses for both the state and the defendant were called, sworn, and placed under the rule, the county attorney made an opening statement on behalf of the state, and the attorney for the defendant made an opening statement on his behalf, and also objected to proceeding to trial, among other reasons, for the reason that the court had no jurisdiction to hear and determine the said offense; which objection was overruled, and the court proceeded with the trial, and during the examination of the second witness placed upon the stand by the state, the following proceedings were had:

"Q. In the last five or six months, have you purchased or drank any whisky or beer there? Mr. McNeill: Objected to as indefinite and uncertain, incompetent, irrelevant, and immaterial, for the further reason putting the defendant under a complaint which is contrary to law, not proving first any connection of the defendant with the building. The Court: Overruled. Mr. McNeill: Note an exception, and for the further reason that the complaint alleges a specified time and the state can elect that date to prove the time. The Court: Overruled. Mr. McNeill: Note an exception. Mr. McCollum: If the court please, just a moment. The counsel just referred to the complaint, the information has been filed with the clerk here since the 2d day of October, and he has failed to place the filing mark on it, and I would like the record· to show the clerk put the filing mark on it. Mr. McNeill: Objected to; the only thing he pleaded to was the complaint, the filing of the information after the jury had been impaneled cannot be proper. The Court: Overruled; let the information be marked filed. Mr. McNeill: Note an exception. The Court: Let the information be marked filed. Mr. McNeill: To which the defendant objects and moves the court to dismiss the jury and continue the case for the reason the information was not read to the defendant, and the defendant has not entered a plea to the information, and the information cannot be filed after selecting the jury. The

Court: There is no attempt at this time to file the information, simply placing the filing mark on does not constitute filing. The court has personal knowledge of the information being on file since the 2d day of October. The mere placing, marking the date of filing, does not constitute filing. Mr. McNeill: You can't put papers in a jacket and say the defendant takes knowledge of these things, never asked to plead to it. The Court: Overruled. This information conforms to the language of the complaint? Mr. McCollum: Yes, sir; verbatim. The Court: Overruled. Mr. McNeill: Note an exception."

Before the filing of the information charging this offense, the court never acquired jurisdiction of the subject-matter of the offense. The prosecution therefore was never legally commenced until the 2d day of October, 1916, when the information charging the offense was filed with the clerk of the court; although prior thereto, the defendant may have pleaded not guilty to a verified complaint, there was no issue lawfully joined upon the trial of which jeopardy would have attached, and a legal judgment of conviction be based. As soon as the information was filed the defendant should have been required to enter his plea thereto, so that an issue could be formed, a trial had, and a legal judgment rendered. We are aware of the fact that it has been held by this court that in misdemeanor cases a defendant may waive arraignment and plea and does so if he proceeds to trial without either arraignment or plea and without objection. But that condition is not presented by this record. Here the defendant objected to the jurisdiction of the court in proceeding to trial and upon the discovery and upon the first intimation that defendant had that an information had been filed in the case, he moved the court to discharge the jury, which motion was overruled, and to which he saved an exception at the time. It is our opinion that, under such circum-

6—15

stances, the defendant did not waive his constitutional and statutory rights to be informed of the nature and cause of the accusation against him, and to have a copy thereof and to be properly presented in court by being notified before trial of the filing of a valid information. For this reason we think the judgment of conviction should be reversed and cause remanded to the county court of Pawnee county, in order that the defendant may be arraigned and required to plead to the information.

While there is ample evidence in this record to show that a whisky nuisance was kept and maintained on the premises alleged, there is very little evidence to the effect that the defendant was the keeper of such nuisance or aided or abetted in keeping or maintaining the same. The evidence is not of that satisfactory or convincing nature which should be forthcoming before a person should be deprived of his property or liberty.

The judgment is reversed.