## WALTER GIBSON v. STATE.

No. A-4645.    Opinion Filed March 1, 1924.

(223 Pac. 406.)

(Syllabus.)

1.    **Courts—County Courts, Courts of Record.** The county courts of this state are courts of record.

2. **Indictment and Information—Prosecution in Courts of Record Only by Indictment or Information.** Criminal prosecutions in courts of record must be either by indictment by a grand jury or by an information exhibited by the county attorney or some other officer specifically authorized by law to do so.

3. **Same—Cases not Triable on Verified Complaint in County Court as Court of Record.** The county court has no jurisdiction as a court of record to place a defendant upon trial upon a verified complaint only.

Appeal from County Court, Pawnee County; L. N. Kimrey, Judge.

Walter Gibson was convicted of unlawfully conveying intoxicating liquor, and he appeals. Reversed and remanded.

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

MATSON, P. J. The record discloses that this prosecution was commenced by filing on the 2d day of February, 1923, what is styled a complaint against the defendant, Walter Gibson, and another person by the name of Jess Dodd, charging them with the crime of unlawfully conveying intoxicating liquor, to wit, whisky, on the 30th day of January, 1923, from the residence of one Robert Berg to a point on the public highway about one quarter of a mile north of the residence of Robert Berg in the county of Pawnee, in the state of Oklahoma. The information does not allege where the residence of Robert Berg is located in said county. This complaint is sworn to by one C. W. Scott, and the record further shows that John Strosnider is the county attorney of Pawnee county.

Defendant objected to going to trial for the reason that no information or indictment charging the offense had been filed on behalf of the state, which objection was overruled

and exception thereto taken. The defendant then moved to quash the complaint, for the reason that the filing of such complaint did not give the court jurisdiction to hear and try the cause, which motion was overruled and exception to the action of the court reserved. The defendant then demurred to the complaint, first, for the reason it did not state sufficient evidence to constitute a public offense, and, second, that the court was without jurisdiction to hear and determine the cause on the complaint, which demurrer was overruled and exception to the action of the court taken by the defendant. The defendant, Walter Gibson, requested a severance, and by agreement of the county attorney and counsel for the defendant the cause proceeded against Walter Gibson alone, and the defendant, Gibson, again interposed a separate demurrer to the complaint on the grounds heretofore stated, which demurrer was overruled and excepted to by the defendant.

The jury was then impaneled, sworn, and charged, and the witness C. W. Scott was sworn and introduced by the state as a witness in chief against the defendant, Gibson. The defendant then objected to the introduction of any testimony in the case for all of the reasons heretofore stated, which objection was overruled and exception taken to the action of the court. The trial proceeded and resulted in a verdict of guilty with punishment assessed as above stated, and the trial court pronounced judgment in accordance with the verdict, and an appeal was prayed for and taken to this court, and the cause is now before the court for review on its merits.

The errors assigned are numerous, and include the following: First. The court erred in overruling the motion for a new trial. Second. That the court erred in overruling defendant's objections to proceeding to trial upon the com-

plaint. Third. That the court erred in overruling defendant's motion to quash the proceedings and the complaint and to discharge defendant. Fourth. That the court erred in overruling defendant's demurrer to the complaint. Fifth. That the court erred in putting defendant to trial on said complaint over his repeated objections.

The Attorney General has filed a confession of error, which is as follows:

"Plaintiff in error was convicted in the county court of Pawnee county, Okla., on a charge of unlawfully transporting intoxicating liquor, and the jury fixed his punishment at a fine of $300 and confinement in the county jail for 120 days. Judgment and sentence was pronounced by the court in accordance with the verdict of the jury, and plaintiff in error appeals to this court.

"The record shows that the case was started in the county court by filing of a complaint, signed and sworn to by C. W. Scott. No information was ever filed in the case, and plaintiff in error first filed a motion objecting to proceeding to trial without the filing of an information. Plaintiff in error then moved to quash the complaint, and then filed a demurrer. Each motion and the demurrer were in turn overruled by the court and exceptions saved. We think that the trial court committed error in overruling plaintiff in error's demurrer to the complaint."

"Article 2, section 17, of the Constitution of Oklahoma, says that:

" 'No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.'

"In the case at bar the proceeding was brought in the county court, which is a court of record, and no information was filed. The pleading was called a complaint, and we have examined it carefully to see whether or not it contained the essentials of an information.

"Section 2511, Compiled Oklahoma Statutes 1921, provides that an information filed in the county court must be signed by the county attorney. The section follows:

" 'The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person.'

"The pleading filed in the case at bar was not signed by the county attorney, and for that reason cannot be considered as an information. It is our opinion that the trial court erred in overruling the demurrer of plaintiff in error, and accordingly we confess error."

The county court of this state are courts of record. Section 11, article 7, Constitution.

In Evans v. Willis, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258, the Supreme Court of this state held:

"No original prosecution can be instituted in a court of record in this state except by presentment of indictment by a grand jury, or by an information exhibited by the county attorney or some other officer thereto authorized by law.

"Where the paper writing purporting to be an information is not exhibited or presented by the county attorney, or some one authorized by law, the same being invalid, and not capable of being amended, the county court did not acquire any jurisdiction of such action or prosecution."

In the case of Fullingim v. State, 7 Okla. Cr. 333, 133 Pac. 558, it is held:

"It is essential to the validity of an information charging a misdemeanor that the county attorney shall subscribe his name thereto after the charge has been made, and the failure of the county attorney to so sign an information is sufficient ground for quashing the same."

It is apparent from the foregoing decisions that the confession of error of the Attorney General is well founded in law; that the county court had no jurisdiction as a court of record to place this defendant upon trial upon a verified complaint only, as prosecutions in courts of record must be either by indictment or by information signed by the county attorney or in his name by some duly authorized deputy or assistant. The confession of error is sustained.

Judgment reversed, and cause remanded for further proceedings.

BESSEY and DOYLE, JJ., concur.