### FAY WHITTEMORE v. STATE.

No. A-4685.    Opinion Filed March 13, 1924.
(223 Pac. 890.)

Appeal from County Court, Pawnee County; L. N. Kimery, Judge.

Fay Whittemore was convicted of the unlawful manufacture of whisky, and he appeals. Reversed and remanded.

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Pawnee county wherein on the 22d day of March, 1923, the plaintiff in error was convicted of the offense of manufacturing whisky and punishment fixed as above stated. The Attorney General has filed a confession of error which is as follows:

"Comes now George F. Short, the duly elected and qualified Attorney General of Oklahoma, and confesses error in the above-styled cause of action for the following reasons, to wit:

" 'In this case the state attempted to proceed against the plaintiff in error in the county court of Pawnee county, on a complaint. This complaint was not signed by the county attorney; neither was it sworn to by him, it being signed by N. A. Jones, who was then jailer, and no indictment or information was filed against this defendant. In support of this confession of error, we wish to cite the following author-

ities: Article 2, section 17, Constitution of Oklahoma; section 2511, Compiled Oklahoma Statutes 1921; Evans v. Willis, 22 Okla. 310, 97 Pac. 1050, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; Snapp v. State, 2 Okla. Cr. 515, 103 Pac. 553; Johns v. State, 15 Okla. Cr. 630, 179 Pac. 942; Boswell v. State, 19 Okla. Cr. 443, 200 Pac. 256.' "

The record supports the statements contained in the confession of error. The identical question here presented was decided by this court in the appeal by Walter Gibson v. State, 26 Okla. Cr. 246, 223 Pac. 406, opinion filed March 1, 1924. The confession of error of the Attorney General is well founded in law. For a full discussion of the reasons for sustaining the confession of error, see the opinion in Gibson v. State, supra.

Judgment reversed, and cause remanded for further proceedings.