### ROBERT BERG et al. v. STATE.

No. A-4681. Opinion Filed Nov. 25, 1924.

(230 Pac. 296.)

(Syllabus.)

Indictment and Information—Prosecutions Only by Indictment or Information. Prosecutions for crime in courts of record must be either by indictment or information.

Appeal from County Court, Pawnee County; L. N. Kimrey, Judge.

Robert Berg and another were convicted of a violation of the prohibitory liquor law, and they appeal. Reversed.

Prentiss E. Rowe, for plaintiff in error.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiffs in error were convicted on a charge, that they did sell, to one Walter Gibson, whisky; the punishment of the defendant Robert Berg being fixed at confinement in the county jail for 120 days, and a fine of $200, and the punishment of Bay Berg being fixed at confinement in the county jail for 60 days, and a fine of $100. To reverse the judgments rendered in accordance with the verdict, they have appealed to this court.

The Attorney General has filed the following confession of error:

"Comes now the state of Oklahoma by George F. Short, Attorney General, and in the above-entitled cause confesses error, in that said action was instituted in the county court of Pawnee county, and there tried upon a duly verified complaint, contrary to the provisions of section 17, art. 2, of the Constitution of the state of Oklahoma, which provides, 'No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information,' and contrary to the holding of this honorable court in the case of Morgan v. State, 15 Okla. Cr. 158, 175 Pac. 625, wherein the court held: 'Prosecutions for crime in courts of record must be either by indictment or information.' While a verified complaint filed in the court of record may be sufficient to authorize the issuance of a warrant of arrest for the person accused, it is not sufficient as an accusation upon which a criminal trial may be based in courts of record.

A plea of not guilty to a verified complaint in a court of record presents no issue for the court to try."

The Constitution (article 2, § 17) provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information."

Under this provision of the Constitution the confession of error is well founded.

The judgments of the lower court are accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.