### EDDIE GEORGE et al. v. STATE.

No. A-4688.    Opinion Filed Dec. 15, 1924.

(231 Pac. 318.)

(Syllabus.)

1. **Indictment and Informatipn—Directness and Certainty as to Offense Charge'd.** An information must be direct and certain as to the offense charged.

2. **Indictment and Information—Constitutional Requirements as to Prosecutions.** Under Const. art. 2, § 17, criminal prosecutions in courts of record must be by indictment or information, and prosecutions not in courts of record upon a duly verified complaint.

3. **Intoxicating Liquors—Uncertainty of Verdict Finding Joint Defendants "Guilty."** On a trial of two defendants, charged with violations of the prohibitory liquor law, a verdict merely finding the defendants "guilty" is not sufficiently certain to enable the court to pronounce judgment.

Appeal from County Court, Pawnee County; L. N. Kimrey, Judge.

Eddie George and another were convicted of keeping a place where intoxicating liquor was received and kept for the purpose of sale, and they appeal. Reversed and remanded, with direction.

George W. Goodwin, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Eddie George and Hattie George, plaintiffs in error, were convicted and each sentenced to be confined in

the county jail for 30 days, and pay a fine of $100, on an accusation which, omitting title, is as follows:

"Complaint.

"Complaint for Maintaining a Place for the Unlawful Sale of Intoxicating Liquor.

"State of Oklahoma, Pawnee County—ss:

"Before me. L. N. Kimrey, county judge of Pawnee county, State of Oklahoma, appeared John Strosnider, who, being first duly sworn, upon oath- deposes and says: That in the county of Pawnee, state of Oklahoma, on the——day of February, 1923, Eddie George and Hattie George, persons then and there being did then and there knowingly, willfully, unlawfully keep and maintain a place in the city of Cleveland where intoxicating liquor, to wit, whisky capable of being used as a beverage was received and kept for the purpose of bartering, selling, giving away, and otherwise furnishing same to others, contrary to the form of the statutes and the Constitution of the state of Oklahoma in such cases made and provided, and against the peace and dignity of the state of Oklahoma. Wherefore he prays that a warrant may issue for the arrest of the said Eddie George and Hattie George that he may be dealt with according to law.

"'John Strosnider.

"Subscribed and sworn to before me this 14th day of February, 1923.

"Lewis Rabe, Court Clerk,

"By Nelle Sloan, Dep.".

Upon their trial, the jury returned the following verdict:

"We, the jury, duly impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the defendants guilty and assess the amount of—— 30 days in jail —— at $100 fine."

They have appealed from the judgment rendered upon such conviction. A demurrer to the information was overruled, and this ruling is the first ground urged for a reversal.

It is insisted that the demurrer should have been sustained for the reason that said county court did not have jurisdiction of the person or of the subject-matter of the action, because, under the Constitution and the statutes, prosecutions for crimes in courts of record must be either by indictment or information.

The bill of rights provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint." Const. art 2, § 17.

The statute provides that the county attorney shall subscribe his name to informations filed in the county, superior, or district court. Section 2511, Comp. Stats. 1921.

The record shows that the complaint in this case was verified by the oath of John Strosnider, who was at the time county attorney of Pawnee county, and for this reason we are inclined to think that the objection to the jurisdiction of the court is not well taken.

It is also urged that the demurrer should have been sustained because the accusation is not sufficiently direct and certain as to the offense charged. It will be observed that the complaint designates the charge as "Complaint for maintaining a place for the unlawful sale of intoxicating liquor;" and in the charging part of the complaint it is alleged:

"Did then and there knowingly, willfully, unlawfully keep and maintain a place in the city of Cleveland where intoxicating liquor, to wit, whisky, was received and kept for the purpose of bartering, selling, giving away, and otherwise furnishing same to others."

Section 7007, Comp. St. 1921, provides:

"Every person who shall within this state, directly or indirectly, keep or maintain by himself, or by associating or combining with others, any clubroom or other place in which any liquor, the sale of which is prohibited by this chapter, is received or kept for the purpose of selling, bartering, giving away, or otherwise furnishing * * * shall be guilty of a misdemeanor."

And section 7022 provides that all places where any such liquor is kept or possessed by any person in violation of any provision of this act are hereby declared to be public nuisances. The record shows that the court instructed the jury under the provisions of section 7022.

Our Code provides that an information must be direct and certain as it regards the offense and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense (section 2556), and that the information is sufficient, if it can be understood therefrom that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon the conviction according to the right of the case (section 2563). The accusation in this case not being sufficiently direct and certain, the demurrer thereto should have been sustained.

In the brief for the defendants it is argued that the verdict is insufficient to support the judgment, in that it is not sufficiently definite and certain to enable the court to properly pronounce judgment. The record shows objection made

and exception reserved to the receiving of the verdict. The verdict finds "the defendants guilty," and stops there, and fails to designate the punishment as to each of the defendants. We are inclined to think the objection to the verdict was well taken.

The evidence shows that the city marshal and two assistants went to the home of the defendants, in Cleveland, about 8 o'clock in the evening; two entered the front, and the other entered the back, door. Only the two defendants were there; they being husband and wife. They did not have a search warrant. The marshal testifies he found the defendant, Eddie George, with a pitcher in his hand containing whisky— almost two pints. There was some testimony tending to show that the home of the defendants had the reputation of being a place where intoxicating liquor was kept for sale.

Considering the evidence as a whole, we think it was insufficient to show a violation of any provision of the prohibitory liquor laws. The Attorney General concedes that the judgment in this case should be set aside. It will not do for courts to sanction such loose practice in criminal proceedings as is shown by the record in this case.

For the reason stated, the judgment is reversed and the cause remanded, with direction to sustain the demurrer to the complaint filed in this case.

MATSON, P. J., and BESSEY, J., concur.