## BURLEY BENNETT et al. v. STATE.

No. A-5378.   Opinion Filed Feb. 13, 1926.
(243 Pac. 531.)

Clayton Carder, for plaintiffs in error.

Geo. F. Short. Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were jointly charged, tried, and convicted of a breach of the peace, and, in accordance with the verdicts of the jury, Burley Burnett was sentenced to pay a fine of $100 and to be confined in the county jail for 30 days, and Elmo Davis was sentenced to pay a fine of $100.

Of the various errors assigned and relied upon for a reversal of the judgment, we deem it only necessary to consider the one that the court erred in overruling the motion to set aside and quash the complaint, because the same was not verified, indorsed, presented, and filed in said court of record as an information.

In support of the motion there was filed the affidavit of W. L. Hunter, which, omitting formal parts, reads as follows:

"W. L. Hunter, of lawful age, being first duly sworn upon his oath, states that he has examined the complaint or information filed in the above-entitled cause; that he is the legally elected, qualified, and acting justice of the peace of Hobart City, township, justice district No. 4, Kiowa county, Okla.; that the identical complaint filed in the above-entitled cause was originally filed as the complaint in case No. 1482 of the justice court before the said W. L. Hunter, justice of the peace as aforesaid; that the file mark of such justice was placed thereon, a warrant thereunder duly issued, and the defendants and each of them brought before the court to plead guilty or not guilty to such charges; that the defendants upon appearance asked further time to plead and to consult an attorney; that thereafter the defendants appeared and verbally stated to the court that they would make application for change of venue; that thereupon the county attorney of Kiowa county, Okla., made a motion that such case be dismissed, and the case was by the court, upon

the motion aforesaid, dismissed; that thereupon the county attorney requested leave of court to withdraw the complaint filed and of record in cause No. 1482 in said justice court, which application and request was by the court granted; that without further signing or verification, and by merely scratching out with a pen the title of the justice court, and inserting instead the title of the county court, the identical complaint now appears as the complaint or information in the above-entitled cause.

"Affiant further states that the county attorney left and filed copy of said complaint and information in lieu of the original."

Thus it appears that this prosecution was commenced by filing before W. L. Hunter, justice of the peace, an accusation entitled "Complaint," which complaint is signed "John T. Hays, County Atty.," and verified as follows:

"State of Oklahoma, County of Kiowa, ss.:

"I, Mrs. Sam Hassell, being first duly sworn, on oath says that the statements herein contained in the foregoing complaint are true.

"Mrs. Sam Hassell.

"Subscribed and sworn to before me this the 3d day of September, 1924.

"W. L. Hunter, Justice of the Peace."

"It is contended that an information charging a misdemeanor must be verified "to vest the court of jurisdiction over an accused person upon proper and timely objection thereto, and that in the instant case there was no such verification as required by law for such purpose."

Article 2 of section 17 of the Constitution provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. * * * Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Our Code of Criminal Procedure provides:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. * * * All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person." Section 2511, C. S. 1921.

In England, at common law, an information was an accusation of a criminal character, exhibited against a person charging him with a criminal offense by the Attorney General, or the solicitor general, and under his oath of office, but in this country, in the absence of statutes changing its character, it is filed by the officer, whatever his title, who exercises the function of prosecuting attorney for the county. In re McNaught, 1 Okla. Cr. 528, 99 P. 241; Slater v. State, 2 Okla. Cr. 464, 102 P. 719, 25 L. R. A. (N. S.) 60, 139 Am. St. Rep. 935; Ex parte Long, 26 Okla. Cr. 259, 223 P. 710.

In Gibson v. State, 26 Okla. Cr. 246, 223 P. 406, it is held:

"The county court has no jurisdiction as a court of record to place a defendant upon trial upon a verified complaint only."

And see Whittemore v. State, 26 Okla. Cr. 338, 223 P. 890.

Our Code of Criminal Procedure provides:

"The indictment or information must be set aside by the court, in which the defendant is arraigned and upon his motion in any of the following cases:

"First. When it is not found, indorsed, presented or filed, as prescribed by the statutes." Section 2597, C. S. 1921.

It is undisputed in the instant case that the com-

plaint or accusation was not again verified after the cause was dismissed in said justice of the peace court.

Under the statute it is essential to the validity of an information charging a misdemeanor, filed in a court of record, that the same be verified by the oath of the prosecuting attorney, the complainant, or some other person, and the failure to have the accusation in this case again verified before the same was filed in the county court was, in our opinion, fatal to the sufficiency of the same as an information, and for this reason the trial court erred in overruling the defendant's motion to set aside and quash the same.

The judgments appealed from herein are accordingly reversed, with direction to the trial court to sustain the motions to strike and quash.

BESSEY, P. J., and EDWARDS, J., concur.