WALTER HICKEY v. STATE.

No. A-5639.   Opinion Filed Feb. 2, 1927.
(252 Pac. 858.)

Thos. J. Huff and Walter Hubbell, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   This appeal is from a judgment of

the county court of Cotton County, rendered on the verdict of a jury finding "the defendant guilty as charged" and fixing his punishment at a fine of $50 and 30 days in the county jail.

The record shows that the trial was had on a criminal complaint, which, omitting venue and title, is as follows:

### "Complaint.

"State of Oklahoma, Cotton County—ss.:

"W. T. Stapp, of lawful age, being duly sworn, upon oath deposes and says: That at and within the county of Cotton and state of Oklahoma, on the 18th day of April, 1925, Walter Hickey, then and there being, did then and there willfully, unlawfully, knowingly, and wrongfully manufacture and possess certain mash, to wit, 50 gallons of corn grain mash, fit for distillation, and for the manufacture of beer, distilled spirits, and other alcoholic liquors, the sale, barter, giving away, and otherwise disposing of which is prohibited by the laws of the state of Oklahoma, contrary to the form of the statute in such cases made and provided against the peace and dignity of the state of Oklahoma.                    W. S. Stapp.

"Subscribed and sworn to before me this 28th day of April, 1925.

Lon Morris, County Judge.

"I have examined the facts in the foregoing complaint and recommend that a warrant do issue.

Toby Morris, County Attorney."

Indorsed:

"Filed in the county court this 18th day of April, 1925.
C. S. McCuiston, Court Clerk."

Upon arraignment, defendant interposed a demurrer, on the ground that the same is insufficient to charge said defendant with a violation of the prohibitory laws of the state. The first contention is that the accusation does not meet the requirements of article 2, § 17, of the Constitution, which reads:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. * * * Prosecutions may be instituted in courts not of record upon a duly verified complaint,"

—and does not meet the requirements of the statute (section 2511, C. S. 1921), which reads:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and endorse thereon the names of the witnesses known to him at the time of filing the same. * * * All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

The accusation filed in this case was not signed by the county attorney, and the names of the witnesses were not indorsed thereon. It is the well-settled doctrine in this state that the county court has no jurisdiction as a court of record to place a defendant upon trial upon a verified complaint only. Morgan v. State, 15 Okla. Cr. 158, 175 P. 625; Gibson v. State, 26 Okla. Cr. 246, 223 P. 406; Berg v. State, 28 Okla. Cr. 281, 230 P. 296; George v. State, 28 Okla. Cr. 388, 231 P. 318.

In Fullingim v. State, 7 Okla. Cr. 333, 123 P. 558, it was held:

"It is essential to the validity of an information charging a misdemeanor that the county attorney shall subscribe his name thereto after the charge has been made, and the failure of the county attorney to so sign an information is sufficient ground for quashing the same."

In Evans v. Willis, 22 Okla. 310, 97 P. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258, it was held that:

"Where the paper writing purporting to be an information is not exhibited or presented by the county attorney, or some one authorized by law, the same being invalid, and not capable of being amended, the county court did not acquire any jurisdiction of such action or prosecution."

The Code of Criminal Procedure before Justices of the Peace provides:

"In all misdemeanor cases, before a warrant shall issue for the arrest of the defendant, the complaint must be submitted to the county attorney, or drawn by him and indorsed as follows: 'I have examined the facts in this case and recommend that a warrant do issue,' and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action, unless the complaint be first so indorsed by the county attorney." Section 2993, C. S. 1921.

Under this section, complaints for misdemeanors, triable in justice of the peace courts, or any other courts not of record, may be verified and filed by individuals. It was held in Boswell v. State, 19 Okla. Cr. 443, 200 P. 256:

"Section 17 of the Bill of Rights of our Constitution and our statutes on criminal procedure provide for two methods of prosecuting misdemeanor cases. In courts of record the prosecution must be by indictment or information; prosecutions in courts not of record may be instituted upon a duly verified complaint. By statutory provision only the latter requires the indorsement, 'I have examined the facts in this case and recommend that a warrant do issue.' "

It must therefore be regarded as the settled doctrine in this state that prosecutions for crime in courts of record must be either by indictment or information.

For the reasons herein expressed, the judgment appealed from is reversed, and the cause remanded to the court below for further proceedings in accordance with this opinion.

EDWARDS and DAVENPORT, JJ., concur.