## Ex parte ARCHIE HAMMOND.

No. A-6555. Opinion Filed April 4, 1927.
(254 Pac. 759.)

E. T. Barbour and Amos T. Hall, for petitioner.

Byron Kirkpatrick, Co. Atty., and Luther P. Lane, Asst. Co. Atty., for respondent.

PER CURIAM. The petitioner, Archie Hammond, on April 4, 1927, filed in this court a petition signed and verified by his oath, wherein he avers that he is unlawfully imprisoned and restrained of his liberty in the county jail of Tulsa county by R. D. Sandford, sheriff of said county, the cause of said restraint being that on the 14th day of March, 1927, a complaint was filed in the court of common pleas of Tulsa county, charging petitioner with driving and operating a certain motor vehicle over and upon a public highway in a careless and imprudent manner; that petitioner was tried in said court and convicted of the offense charged in said complaint, and thereafter petitioner was committed to the jail of said county for the term of 15 days and was ordered by the judge of said court to pay the costs in said case. A copy of the complaint and the order of commitment are attached and made a part of the petition. Attached to said petition is a stipulation signed by counsel for petitioner and Luther P. Lane, assistant county attorney of Tulsa county, to the effect that

the same be submitted upon the petition and exhibits hereto attached.

Of the allegations of said petition, we deem it only necessary to consider the one; that is, that said court was without jurisdiction to try and convict said petitioner upon a complaint filed in a court of record, in that the same was in contravention of section 17 of the Bill of Rights.

The act creating the court of common pleas of Tulsa county, chapter 5, Sess. Laws 1923, § 1, as amended by Sess. Laws 1925, p. 285, being section 3419—1, Supp. C. S. 1926, provides, among other things, that this court shall be a court of record.

Article 2, § 17, of the Constitution, provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. * * * Prosecutions may be instituted in courts not of record upon a duly verified complaint."

By numerous decisions of this court, it is held that under the Constitution, art 2, § 17, a court of record has no jurisdiction to entertain a criminal prosecution based solely on a verified complaint. Morgan v. State, 15 Okla. Cr. 158, 175 P. 625; Gibson v. State, 26 Okla. Cr. 246, 223 P. 406; Berg v. State, 28 Okla. Cr. 281, 230 P. 296; George v. State, 28 Okla. Cr. 388, 231 P. 318; Hickey v. State, 36 Okla. Cr. 137, 252 P. 858. Upon the authorities above cited, it must be regarded as the settled doctrine in this state that prosecutions for crime in courts of record must be either by indictment or information.

It follows from what has been said that the common pleas court of Tulsa was without jurisdiction to try and convict petitioner, and that therefore petitioner

is unlawfully restrained of his liberty by the respondent, and that he is entitled to a discharge from the imprisonment of which he complains, and he is by the judgment of this court discharged therefrom.