EFFECT OF UNCONSTITUTIONALITY OF PART OF LEGISLATIVE ACT — POSTING OF BAIL BOND Title 22 O.S. 1113 [22-1113] (1969), is unconstitutional since it provides for criminal prosecution of an individual without the requisite filing of either an indictment or information as specified in Article II, Section 17 Oklahoma Constitution. An individual who violates any of the provisions of 29 O.S. 524 [29-524](a), 29 O.S. 524 [29-524](b), or 29 O.S. 524 [29-524] [29-524](c), may post bond for purposes of bail as provided in 29 O.S. 1111 [29-1111] [29-1111] and 29 O.S. 1112 [29-1112] (1969), but for purposes of prosecution is subject to the provisions of 29 O.S. 524 [29-524] [29-524](d) (1969) The Attorney General has had under consideration your recent letter in which you state and inquire, in effect, as follows: The Oklahoma Legislature has enacted two statutes which apparently contain conflicting provisions. Title 29 O.S. 524 [29-524](d) (1969), provides that any person violating the provisions of 29 O.S. 524 [29-524] (1969), shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars and not to exceed five hundred dollars, and by imprisonment in the county jail for not less than ten days nor more than one year, or by both such fine and imprisonment. However, 22 O.S. 1112 [22-1112] (1969), provides a table which specifies the amount of bail including court costs which shall be accepted in game violation cases and includes $115.00 for violation of the provisions of 29 O.S. 524 [29-524] (1969). In addition, 22 O.S. 1113 [22-1113] (1969), provides that the person so charged who elects to plead guilty may indicate his plea of guilty on the ticket or warrant and the sheriff shall then transmit the said bond and ticket or warrant to the Court Clerk and said bond deposit shall be used for payment of fine and costs, which fine and costs shall not exceed the amount of the bond. Is an individual who pleads guilty and allows his bond deposit to be used for payment of the fine and costs, exempted from the application of 29 O.S. 524 [29-524](d) (1969) which provides for a fine up to five hundred dollars? Title 29 O.S. 524 [29-524] (1969), provides as follows: "(a) It shall be unlawful for any person to carry shotguns or firearms other than pistols while training bird dogs, except during the legal open quail season. "(b) It shall be unlawful for any person to take, catch, capture or kill, or attempt to do so, any deer or other game animal or game bird by the use of a spotlight or other powerful light at night, or by what is commonly known as `headlighting'. . . . "(c) It shall be unlawful for any person to pursue, harass, take, capture kill, or attempt to kill any big game animal from or by the use of any motor driven land or air conveyance. "(d) Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than One Hundred Dollars ($100.00) and not to exceed Five Hundred Dollars ($500.00), and by imprisonment in the county jail for not less than ten (10) days nor more than one (1) year, or by both such fine and imprisonment." Title 22 O.S. 1111 [22-1111] (1969), provides as follows: "Any person arrested by a duly appointed law enforcement officer of any city or county government or state agency for game or fish, water safety, water pollution, or for any of the following violations of state laws may be taken by the arresting officer to the county sheriff's office in whose county the violation occurred, where the sheriff or his duly appointed deputy shall accept cash, traveler's checks, cashier's check or money order as bond for this violation which shall be deposited daily with the court clerk. The sheriff's office shall accept these bonds during the hours and holidays the courts are not normally open." Title 22 O.S. 1112 [22-1112] (1969), provides a table which specifies the amount of bail including court costs which will be accepted in game violation cases and includes $115.00 for any violation of the provisions of 29 O.S. 524 [29-524] (1969), supra. Title 22 O.S. 1113 [22-1113] (1969), provides as follows: "The person so charged who elects to plead guilty may indicate his plea of guilty on the ticket or warrant; then the sheriff shall transmit said bond and ticket or warrant to the court clerk and said bond deposit shall be used for payment of fine and costs, which fine and costs shall not exceed the amount of bond." Section 22 O.S. 1113 [22-1113], supra, allows an individual to plead guilty and permit his bond deposit to be used for the payment of his fine and costs. Oklahoma Constitution, Article II, Section 17 provides in pertinent part, as follows: "No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information . . . . Prosecutions may be instituted in courts not of record upon a duly verified complaint." This constitutional provision was interpreted in the case of Morgan v. State, 15 Okl. Cr., 158, 175 P. 625 (1918) where the court stated in the first paragraph of its syllabus: "Prosecutions for crime in courts of record must be either by indictment or information." In the case of Thacker v. Marshall, Okl. Cr., 331 P.2d 488 (1958), the court stated in the third paragraph of its syllabus: "A prosecution means not simply the filing of the preliminary complaint, but the continuous following up through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused." When an individual voluntarily pleads himself guilty by signing the ticket or warrant as provided for in section 1113, supra, a judicial determination of either guilt or innocence is achieved, since it is generally held that a plea of guilty amounts to a conviction. Lindsay v. U.S.,134 F.2d 960 (10th Cir. 1943). Even though this procedure results in the prosecution of an individual, there is no indication that such ticket or warrant will serve as an information as required by Oklahoma Constitution, ArticleII, Section 17 supra. Thus, Section 1113, supra, allows an individual to be prosecuted criminally without the necessary filing of either an information or indictment. It is, therefore, the opinion of the Attorney General that 22 O.S. 1113 [22-1113] (1969), is unconstitutional since it provides for criminal prosecution of an individual without the requisite filing of either an information or indictment. It should be noted that although Oklahoma Constitution, Article II, Section 17 supra, makes provision for prosecutions to be instituted in courts not of record upon a duly verified complaint, all courts not of record were abolished on January 13, 1969, the effective date of new Article VII, Oklahoma Constitution. Thus, 22 O.S. 1113 [22-1113] (1969), supra, which would allow for prosecution upon a duly verified complaint was probably constitutional when originally enacted in 1968, since at that time courts not of record were still in existence. In the case of Atchison, T. S. F. Ry. Co., v. Long, 122 Okl. 86,25 P. 486 (1926), the court stated in the body of its opinion: "Where portions of an act are found to be violative of the provisions of the Constitution, those portions of the act not so violating the Constitution must stand. This rule, however, is subject to certain and well-defined exceptions. . . . If one part of a statute is so independent of another that the court can presume the law-making power — whether by initiative petition or by act of the Legislature — would have adopted the one provision without the other being contained therein, then the courts will uphold the valid portions of such statute, but where it is obvious that the law-making power did not intend that any part of an act should have force and effect unless the whole act is valid, then if one portion falls, the whole act must fall." Although Section 22 O.S. 1113 [22-1113], supra, is unconstitutional, the other portions of the same act which provide for posting bonds for various offenses according to a specified schedule are sufficiently separate and independent so as to not affect their validity. The posting of bonds for which bail is accepted according to a specified schedule is still a proper procedure even without the provisions set forth in Section 1113, supra. It is, therefore, the opinion of the Attorney General that an individual who violates any of the provisions of Section 524(a), (b), or (c), supra, may post bond for purposes of bail as provided in Sections 1111 and 1112, supra, but for purposes of prosecution is subject to the provisions of Section 524(d), supra. Thus, an individual who pleads guilty to a violation of any of the provisions of Section 524(a), (b), or (c), supra, is subject to the penalties imposed by Section 524(d), supra. (Gary F. Glasgow)