** Summary ** UNAUTHORIZED SPENDING OF PUBLIC FUNDS Any public official who acts contrary to the provisions of 26 O.S. 501 [26-501] (1971), or any other law of the State of Oklahoma, is subject to being charged and his guilt or innocence determined by a court and Jury. The penalty for the violation of 26 O.S. 501 [26-501] (1971) is a fine not less than One Hundred nor more than Five Hundred Dollars, and the office held by such party shall be adjudged vacant. Further, the official violating such act shall be the one so penalized. The appropriate action to be taken to prosecute for the violation of 26 O.S. 501 [26-501] (1971), would be by the filing of an information through the office of the District Attorney of the county having jurisdiction of the offense, and the appropriate person to prosecute such an action would be the District Attorney of such county. The provisions of 26 O.S. 491 [26-491] (1971), relating to anonymous election literature, are applicable to State Question 485, known as "Freeway 77." However, whether the statute has been violated and a crime committed is a question to be determined by the judicial branch of government, through the district court and juries empaneled thereby. The Attorney General has received your letter of March 21, 1972, in which you make the following statements: "It appears to me that the Statutes of the State of Oklahoma were violated, specifically Title 26, 501, and possibly several others in the submission of State Question No. 485. "I base this on the fact that public funds were expended by the Oklahoma State Highway Department, the Department of Public Safety, the Department of Agriculture and others in promoting their seeking the passage of this State Question." You then ask for an opinion on the following questions: "1. If State funds were expended by any officials in any of these departments, would it have been a violation of any laws of the State of Oklahoma? "2. What would be the penalty if the law was in fact violated? Who would be penalized? "3. Would the fact that the funds were reimbursed make any difference? "4. What would be the appropriate action to be taken and who would be the appropriate person to take this action?" In an accompanying letter of the same date you ask an additional question as follows: "I would further like to know if the brochures printed by the Oklahoma Highway Department advocating the passage of "Freeway 77" and which bore no identifying marks as to who printed or distributed these brochures, are not in violation of Section 491, Title 26, O. S. Supp. 1968, Anonymous Election Literature Prohibited — Penalty. "As I have informed you, the Attorney General has no authority to render a legal opinion as to whether or not a crime has been committed within the State of Oklahoma. The authority to make such a determination is vested by the Oklahoma Constitution and Statutes in the judicial branch of government, through the district court and juries empaneled thereby. In addition to such authority being vested in the judicial branch of government, there is further statutory restriction for the office of Attorney General in the issuing of opinions as set out in Title 74 O.S. 18 [74-18](b) (1971) which provides in pertinent part as follows: "The duties of the Attorney General as the Chief Law Officer of the State shall be: "(e) To give his opinion in writing upon all questions of law submitted to him by the Legislature or either branch thereof, or by any State Officer, Board, Commission or Department, provided, that the Attorney General shall not furnish opinions to any but County Attorneys, the Legislature or either branch thereof, or any other State Official, Board, Commission or Department, and to them only upon matters in which they are officially interested." (Emphasis added) The above language clearly restricts opinions of the Attorney General to questions of law. With respect to your first question, Title 26 O.S. 501 [26-501] (1971), provides as follows, to-wit: "Any official in this State who shall direct, authorize or permit the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or the referendum, or which citizens of this State are attempting to have referred to a vote of the people by the initiative or the referendum, shall be guilty of a misdemeanor and, upon conviction shall be fined not less than One Hundred nor more than Five Hundred Dollars, and the office held by such party shall be adjudged vacant, and shall be filed in the manner provided by law." (Emphasis added) Your first question involves a determination of whether certain acts violated the above quoted statute. Such a determination must be made in accordance with the provisions of theSixth Amendment to the United States Constitution which provides as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. " This right is further guaranteed by Article II, Sections 19 and ArticleII, Section 20 of the Oklahoma Constitution. In view of the provisions of the United States and Oklahoma Constitutions, any public official who acts contrary to the provisions of 26 O.S. 501 [26-501], or any other law of the State of Oklahoma, is subject to being charged and his guilt or innocence determined by a court and jury. Your second question involves the penalty provisions of Section 501 quoted above. A plain reading of the statute provides that one who violates the provisions of Section 501 shall be guilty of a misdemeanor, and upon conviction shall be fined not less than One Hundred nor more than Five Hundred Dollars, and the office held by such party shall be adjudged vacant. In further answer of your question, the penalty would apply to the official of the State who directed, authorized or permitted such expenditure in violation of Section 501. The answer to your third question relating to reimbursement must be prefaced with an understanding concerning whether the expenditure of funds as contemplated in Section 501, was made in violation of such Section. Stated another way, the question of reimbursement would become an issue only if there was a determination that the original expenditure was improper. In that regard, there is no case law in Oklahoma making a determination of an issue construing this particular statute. The criminal provision most analogous in this regard would be the one pertaining to the crime of embezzlement. Title 21 O.S. 1461 [21-1461] (1971) provides as follows: "Whenever it is made to appear that prior to any information laid before a magistrate charging the commission of embezzlement, the person accused voluntarily and actually restored or tendered restoration of the property alleged to have been embezzled, or any part thereof, such is not a ground of defense to the indictment, but it authorizes the court to mitigate punishment in its discretion." (Emphasis added) Therefore, if it is determined as a fact that there was an illegal expenditure of public funds within the contemplation of 26 O.S. 501 [26-501], supra, then reimbursement of said funds would not be a defense to the maintaining of a criminal prosecution against the responsible parties, and the fact of reimbursement should be considered by the court or the jury only in terms of mitigating punishment. Your fourth question concerns the appropriate action to be taken when Section 501 is violated. Section 501, cited above, is a criminal statute providing for punishment for those in violation thereof. The Oklahoma Statutes are quite clear in placing responsibility for prosecuting criminal actions within the State of Oklahoma. Title 19 O.S. 183 [19-183] (1971), provides: "The County Attorney shall appear in all trial courts and prosecute all actions or crimes committed in his county, whether the venue is changed or not; and he shall prosecute or defend in all courts, State and Federal, in any county in this State, all civil actions or proceedings in which his county is interested or a party." Title 19 O.S. 215.16 [19-215.16] (1971) provides as follows: ". . .Wherever in the Statutes of Oklahoma, in existence at the effective date of this act, reference is made to the County Attorney, the District Attorney, acting personally or by his duly appointed assistant, shall perform all the powers, functions and duties and be subject to removal from office and to all the obligations and liabilities and shall stand in the stead of the County Attorney under such statutes." Article II, Section 17 of the Constitution of the State of Oklahoma states as follows: "No person shall be prosecuted criminally in courts of record for a felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint." Since the reorganization of the courts of the State of Oklahoma, we no longer have state courts that are not of record. Therefore, prosecutions on all charges must be by indictment or information initiated in a district court. Title 22 O.S. 303 [22-303] (1971), provides as follows: "The county attorney shall subscribe his name to information filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of the filing of the same. He shall also indorse thereon the name of such other witnesses as may afterwards become known to him at such times as court may by rule prescribe. All information shall be verified by the oath of the prosecuting attorney, complainant or some other person." In interpreting this Section of the Constitution and the above statute, our Court of Criminal Appeals in Walter Hickey v. State, 36 Okl. Cr. 137,252 P. 858, stated as follows: "Section 17 of the Bill of Rights of our Constitution and our Statutes on criminal procedure provide for two methods of prosecuting misdemeanor cases. In courts of record the prosecution must be by indictment or information: Prosecution in courts not of record may be instituted on the duly verified complaint. By statutory provision only, the latter requires the indorsement, 'I have examined the facts in this case and recommend that a warrant issue.' " It is therefore to be regarded as settled doctrine in this State that prosecution for crimes in courts of record must be either by indictment or information. In construing Article II, Section 17 of our Constitution and 22 O.S. 1971 303 [22-303], Our Court of Criminal Appeals in Ex parte Long, 26 Okl. Cr. 259, 223 P. 710, stated as follows: "Under Constitution Article II, Section 17, and this Section, where an accusation purporting to be an information filed in the county court was not signed by the county attorney, and his name was not signed by duly appointed and qualified assistant, the county court did not acquire jurisdiction of the person therein named as the defendant." As provided in the Constitution and our Statutes, it is necessary that all charges be filed by indictment or information and that they be indorsed by the District Attorney's office. In Perry v. State, 84 Okl. Cr. 211, 181 P.2d 280, (1947), the Court quoted the following language from McGarrah v. State, 10 Okl. Cr. 21, 131 P. 260, 262, concerning the powers and duties of the County Attorney as follows: "We know of no rule of law whereby a public officer may delegate power or authority involving official discretion or responsibility, except as prescribed by the statute. The law has very carefully guarded the administration of public justice from any interested or unauthorized intermeddling. The County Attorney is a very responsible officer, selected by the people and vested with a wide personal discretion, entrusted to him as a minister of justice. There are many reasons why a power of this kind should be confined to the prosecuting officer. He is expected to be impartial in abstaining from prosecuting, as well as in prosecuting, and to guard the real interest of public justice in favor of all concerned. "It is therefore of the highest importance to the public that this power should be carefully exercised, and that the responsibility should rest upon the officer to whom it is confided." The appropriate action to be taken to prosecute for the violation of 26 O.S. 501 [26-501] (1971), would be by the filing of an information through the office of the District Attorney of the county having jurisdiction of the offense, and the appropriate person to prosecute such an action would be the District Attorney of such county. The Attorney General has considered your supplemental request of March 21, 1972, concerning anonymous election literature. Your question relates to 26 O.S. 491 [26-491] (1971), which provides as follows: "Whoever, other than the candidate himself, writes, prints, posts or distributes or causes to be written, printed, posted or distributed a circular, poster, or advertisement which is designed to injure or oppose the nomination or election of a candidate for public office or to influence the voters on any constitutional or statutory amendment, or any other issue in a state, city, county or school board election, or to influence the vote of any member of the Legislature, unless there appears upon such circular or poster or advertisement, in a conspicuous place, either the name and address of the person, if an individual, or the name and address of the president, chairman, and secretary, or of two (2) officers of the organization, if an organization, who placed the order for the advertising or had the printing done, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not exceeding Five Hundred Dollars ($500.00) or imprisoned in the county jail not to exceed thirty (30) days, or be punished by both such fine and imprisonment." A plain reading of the statute reflects that the use of the words: "or to influence the voters on any constitutional or statutory amendment" would apply to State Question No. 485, referred to as "Freeway 77." Whether this statute has been violated and a crime committed is a question to be determined by the judicial branch of government, through the district court and juries empaneled thereby. It is, therefore, the opinion of the Attorney General as follows: 1. Any public official who acts contrary to the provisions of 26 O.S. 501 [26-501] (1971), or any other law of the State of Oklahoma, is subject to being charged and his guilt or innocence determined by a court and jury. 2. The penalty for the violation of 26 O.S. 501 [26-501] is a fine of not less than One Hundred nor more than Five Hundred Dollars, and the office held by such party shall be adjudged vacant. Further, the official violating such act shall be the one so penalized. 3. If a determination is made that the provisions of Title 26 O.S. 501 [26-501] (1971), were violated, then reimbursement is not a defense but would only be applicable to determine mitigation of punishment. 4. The appropriate action to be taken to prosecute for the violation of 26 O.S. 501 [26-501], would be by the filing of an information through the office of the District Attorney of the county having jurisdiction of the offense, and the appropriate person to prosecute such an action would be the District Attorney of such county. 5. The provisions of 26 O.S. 491 [26-491] (1971), relating to anonymous election literature, are applicable to State Question 485, known as "Freeway 77." However, whether the statute has been violated and a crime committed is a question to be determined by the judicial branch of government, through the district court and juries empaneled thereby. (Larry Derryberry) ** SEE: OPINION NO. 79-346 (1979) **